UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH JEROME WRIGHT,<br><br>      Plaintiff,<br><br>   v.<br><br>SANDOVAL,<br><br>      Defendant. | Case No.: 1:22-cv-01082-JLT-CDB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DEEM CERTAIN REQUESTS FOR ADMISSIONS AS ADMITTED**<br><br>(Doc. 31) |

Plaintiff Keith Jerome Wright is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

### I.   INTRODUCTION

On May 7, 2025, Defendant filed a motion to deem Plaintiff's responses to Defendant's first set of requests for admissions — numbers 3-4, 6, 8, 10-14, 16, 19 & 21 — admitted. (Doc. 31.) When Plaintiff did not file a timely opposition, the Court issued its Order to Show Cause (OSC) Why Sanctions Should Not be Imposed for Plaintiff's Failure to File an Opposition or Statement of Non-Opposition to Defendants' Motion to Deem Plaintiff's Responses to Requests for Admissions Admitted. (Doc. 32.) Plaintiff was to respond in writing within 21 days, or, alternatively, file an opposition to the pending motion. (*Id*.)

On June 16, 2025, Plaintiff filed his opposition (Doc. 33), and Defendant replied (Doc. 36) on June 26, 2025.

## II. DISCUSSION

### *Summary of the Parties' Briefing*

<u>Defendant's Motion</u>

Defendant asserts Plaintiff was served with requests for admissions on March 13, 2025. In his responses to numbers 3-4, 6, 8, 10-14, 16, 19 & 21, Plaintiff objected on the grounds of vagueness and ambiguity but did not identify what was vague or ambiguous about the requests. Defendant contends numbers 3-4, 6, 8, 10-14, 16, 19 & 21 should be admitted as Plaintiff's objections lack merit. Defendant asserts that number 3-4, 8, and 10 are "central to this case" and concern Plaintiff's claim that Defendant intentionally prevented Plaintiff from consuming a Ramadan meal on May 1, 2022. Plaintiff's objections on the grounds that the requests are vague and ambiguous fail to identify any vagueness or ambiguity, do not offer alternative wording, nor did Plaintiff assert that vagueness and ambiguity prevented him from responding. Because Plaintiff "selectively responded" to Defendant's requests to evade a response, Defendant contends numbers 3-4, 8, and 10 should be deemed admitted. Next, Defendant maintains numbers 6, 16, and 19 should be admitted because Plaintiff's objections to those requests as vague and ambiguous are baseless. In addition to Plaintiff's failure to identify what precisely was vague or ambiguous, Defendant's requests used ordinary dictionary definitions of the words used, resulting in Plaintiff's further attempt to evade a response – requests that are relevant to Plaintiff's claims that he was not provided food on May 1, 2022, the final day of Ramadan. Concerning number 11 through 14, Defendant maintains the requests are relevant to whether Defendant worked in the kitchen responsible for preparing the meals that are central issues in the case. Again, Defendant asserts Plaintiff only served vague and ambiguous objections that are baseless – the objections do not identify what is vague or ambiguous about the requests, fail to offer any alternative wording, nor do the objections assert Plaintiff was unable to respond due to the purported vagueness and ambiguity. Lastly, Defendant contends number 21, seeking an admission that May 1, 2022, was "the only day that year that Plaintiff did not receive a Ramadan meal," also involves Plaintiff's baseless vague and ambiguous objection and should be admitted.

//

2

1   Plaintiff's Opposition

2   Plaintiff contends "Rule 36(a)(6) [of the Federal Rules of Civil Procedure] does not

3   authorize[] the Courts to order a party to provide [] different answers to a request for admissions

4   because the requesting party believes the proffered answers [are] false or [are] not credible."

5   Plaintiff asserts he did not respond to Defendant's motion because he believed "it was appropriate

6   to wait on" a ruling from the Court. He maintains he responded to Defendant's requests "honestly

7   and did not know there was a quality of response governed by the Courts." Plaintiff states

8   Defendant conducted a three-hour deposition of Plaintiff and that he "answered every question

9   without" objection and that inquiries at the deposition were "duplicative" of the requests for

10  admission. Lastly, Plaintiff states that contemporaneous with his opposition to the motion, he is

11  submitting "a second set of Admission amending the Defendants complaints."

12  Defendant's Reply

13  Concerning request number 21 – pertaining to whether Plaintiff has evidence that

14  Defendant discriminated against Ramadan participants at another time during Ramadan in 2022 –

15  Defendant contends Plaintiff's supplemental June 16, 2025, response should be admitted because

16  he "untimely served inapplicable 'vague and ambiguous' objections and claimed he could not

17  respond to those requests." Defendant asserts that because Plaintiff's response was untimely, any

18  objections are waived. Even absent untimeliness, Defendant maintains Plaintiff's vague and

19  ambiguous objections should be overruled, particularly where Plaintiff's substantive responses to

20  numbers 11 and 13 included the same wording or language. Lastly, regarding numbers 3, 4, and

21  8, Defendant states Plaintiff admitted numbers 3, 4, and 8, in his untimely supplemental responses

22  and asks that the Court deem them admitted.

23  ***The Applicable Legal Standards***

24  Rule 36(a)(1) of the Federal Rules of Civil Procedure authorizes a party to "serve on any

25  other party a written request to admit, for purposes of the pending action only, the truth of any

26  matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or

27  opinions about either; and (B) the genuineness of any described documents." Requests for

28  admission serve "to expedite trial by establishing certain material facts as true and thus narrowing

3

the range of issues for trial." *Asea, Inc. v. Southern Pacific Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981). Rule 36(a)(4) provides as follows concerning the contents of a response:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

If the requesting party is dissatisfied with responses to its requests for admissions, it may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. Fed. R. Civ. P. 36(a)(6).

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

*Analysis*

The Court has reviewed Plaintiff's responses to Defendant's requests for admission at issue: numbers 3-4, 6, 8, 10-14, 16, 19 and 21. In his original response to those requests, Plaintiff objected to the request "as vague and ambiguous" (*see* Doc. 33 at 23-27), providing no additional answer or information. Fed. R. Civ. P. 36(a)(4).

Plaintiff has since served supplemental responses. The Court agrees with Defendant that the supplemental responses are untimely but exercises its discretion to consider them in connection with Defendant's motion. Fed. R. Civ. P. 36(b) ("the court may permit withdrawal or

1    amendment if it would promote the presentation of the merits of the action and if the court is not
2    persuaded that it would prejudice the requesting party in maintaining or defending the action on
3    the merits"). To the extent Plaintiff opposes Defendant's motion because of his lack of knowledge
4    of the applicable rules, or that the requests for admissions are duplicative of the deposition, those
5    bases are unpersuasive. Plaintiff has an obligation to familiarize himself with and adhere to the
6    Federal Rules of Civil Procedure. (*See* Doc. 4 [First Informational Order in Prisoner/Civil
7    Detainee Civil Rights Case issued 8/26/2022].) Further, Defendant may depose Plaintiff (Fed. R.
8    Civ. P. 30; Doc. 28 [Discovery and Scheduling Order]) and serve written discovery (Fed. R. Civ.
9    P. 33, 34 & 36) – covering issues central to the case in both formats is permitted by the rules.

10   Following review of the supplemental responses, the Court finds Plaintiff admits numbers
11   3, 4, and 8. (Doc. 36-1 at 5-6.) Further, the Court finds Plaintiff denies numbers 6, 10, 14, 16, 19.
12   (*Id*. at 5-7.)

13   As concerns number 21— seeking admission that the only occasion in which a mistake
14   occurred concerning providing Ramadan meals at the Correctional Facility during Ramadan 2022
15   was on the evening of May 1, 2022— Plaintiff wrote: "This question is vague and ambiguous
16   because I don't [know] what correctional facility your [*sic*] speaking of and institutional problems
17   are not shared with inmates." (Doc. 36-1 at 7.)

18   First, concerning Plaintiff's claim he did not know what correctional facility was being
19   referred to, that phrase or term is plainly defined in Defendant's original request:
20   "CORRECTIONAL FACILITY shall be interpreted to mean ALL areas of Substance Abuse
21   Treatment Facility and State Prison in Corcoran, California." (*See* Doc. 36-1 at 14.) Plaintiff's
22   objection in that regard is therefore overruled. Second, Plaintiff's objection that "institutional
23   problems are not shared with inmates" amounts to an assertion that Plaintiff's lacks knowledge or
24   information. But Plaintiff failed to state whether he made a reasonable inquiry or that the
25   information available to him was insufficient to enable him to admit or deny the request. Fed. R.
26   Civ. P. 36(a)(4). Thus, the Court finds number 21 to be admitted.

27   Finally, because Plaintiff's supplemental responses do not address numbers 11 through 13
28   (*see* Doc. 36-1 at 4-7), the Court overrules Plaintiff's original objections based upon vagueness

and ambiguity and finds numbers 11, 12, and 13 to be admitted.

### III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS**:

1. Defendant's motion to deem Plaintiff's responses to Defendant's first set of requests for admissions as admitted is **GRANTED IN PART** as follows:
   a. Numbers 3, 4, 8, 11, 12, 13, and 21 are deemed admitted;
2. Defendant's motion is **DENIED IN PART** as to numbers 6, 10, 14, 16 and 19.

IT IS SO ORDERED.

Dated:   **July 21, 2025**                           _____
                                                     UNITED STATES MAGISTRATE JUDGE