UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH JEROME WRIGHT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SANDOVAL,<br><br>　　　　Defendant. | Case No.: 1:22-cv-01082-JLT-CDB<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR SANCTIONS**<br><br>(Doc. 38) |

Plaintiff Keith Jerome Wright is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　BACKGROUND**

On September 13, 2024, the Court issued its Discovery and Scheduling Order. (Doc. 28.)

On May 7, 2025, Defendant filed a motion to deem Plaintiff's responses to certain requests for admissions as admitted. (Doc. 31.)

On June 6, 2025, when Plaintiff failed to file a timely opposition to the pending motion, the Court issued its Order to Show Cause (OSC) in Writing Why Sanctions Should Not be Imposed for Plaintiff's Failure to File an Opposition or Statement of Non-Opposition. (Doc. 32.) Specifically, Plaintiff was directed to file a written response to the OSC within 21 days; alternatively, Plaintiff could comply with the OSC by filing an opposition or statement of non-opposition. (*Id*. at 2.)

1  On June 16, 2025, Plaintiff filed his opposition to the motion (Doc. 33) and Defendant replied on June 26, 2025 (Doc. 36).

3  On June 27, 2025, Plaintiff filed a motion for summary judgment. (Doc. 37.)

4  Thereafter, on July 11, 2025, Plaintiff filed a document titled "Requesting Sanctions on Defendant's Counsel for Deploying Delay Tactics in Bad Faith." (Doc. 38.)

6  On July 22, 2025, the Court issued its Order Granting in Part and Denying in Part Defendant's Motion to Deem Certain Requests for Admissions as Admitted. (Doc. 40.)

8  On July 24, 2025, Defendant filed a motion for summary judgment. (Doc. 41.) That same date, Defendant filed an opposition to Plaintiff's motion for sanctions. (Doc. 42.)

10  On August 4, 2025, Plaintiff filed a document titled "Opposition to Defendant's Opposition to Plaintiff's Motion for Summary Judgment." (Doc. 43.)

12  On August 13, 2025, the Court granted Plaintiff an extension of time within which to file his opposition to Defendant's summary judgment motion. (Doc. 45.)

14  Plaintiff filed a timely opposition to Defendant's summary judgment motion on August 18, 2025. (Doc. 46.) Defendant filed a reply to the opposition on August 29, 2025. (Doc. 47.)

16  This order resolves only Plaintiff's motion filed July 11, 2025, concerning sanctions. The Court will address the pending cross motions for summary judgment in due course.

## II.    DISCUSSION

### The Parties' Briefing

#### *Plaintiff's Request for Sanctions (Doc. 38)*

Plaintiff cites to "Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions by the Federal Rule of Civil Procedure or the local Rules" and contends Defendant's counsel has submitted duplicative motions asking the Court to deem responses to certain requests for admissions propounded to Plaintiff as admitted because Plaintiff's responses were vague and ambiguous. Plaintiff states he "was never notified" by Deputy Attorney General Donato V. Catrina or asked "to rephase or correct the questions at concern," and that counsel had "sufficient time to ask Plaintiff if he would correct the admissions questions" during Plaintiff's deposition. Further, Plaintiff maintains those questions were raised during his deposition and while

2

1  duplicative, Plaintiff did not object to the questions. Plaintiff argues defense counsel's motions
2  are "wasting [the Court's time] and finances in bad faith."

3      Next, Plaintiff asserts that on June 6, 2025, he "was ordered to show cause in writing
4  within 21 days" and responded by filing an opposition to Defendant's motion to deem admissions
5  admitted on June 11, 2025, "[rephrasing] the questions at concern" and in good faith.

6      Plaintiff asserts that after he filed a summary judgment motion, "Defendant's counsel was
7  changed," noting the most recent substitution makes the third counsel change "since 2025." He
8  maintains that Defendant's current counsel, Deputy Attorney General Caitlin M. Ryan, "has filed
9  a duplicative motion" despite Plaintiff's June 11, 2025, good faith submission.

10      Finally, Plaintiff contends that defense counsel "is engaging in stall tactics" by submitting
11  duplicative motions in bad faith. He asserts that the "changing of counsel three (3) times in six (6)
12  months" is delaying the litigation and seeks an order from the Court imposing a monetary
13  sanction in the sum of $250 on defense counsel "and to proceed – litigation of summary of
14  judgement Plaintiff has filed."

15      ***Defendant's Opposition to Plaintiff's Request for Sanctions (Doc. 42)***

16      Briefly stated, Defendant contends no duplicative motions were filed, that Defendant is
17  permitted to "take both written discovery and depositions," is excused from meeting and
18  conferring with Plaintiff before filing a motion to compel, and that the change in defense counsel
19  has not caused a delay of these proceedings.

20      **The Legal Standards Concerning Sanctions**

21      Rule 37(a)(5) of the Federal Rules of Civil Procedure, concerning motions for an order
22  compelling disclosure or discovery, provides as follows:

> (A) If the Motion is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require a party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>     (i)    the movant filed the motion before attempting in good

|||
|---|---|
| (ii) | the opposing party's nondisclosure, response, or objection was substantially justified; or |
| (iii) | other circumstances make an award of expenses unjust. |

faith to obtain the disclosure or discovery without court action;

Fed. R. Civ. P. 37(a)(5)(A).

### **Analysis**

Significantly, a review of the docket for this action reveals Defendant has not filed a second or duplicative motion seeking to have Plaintiff's admissions admitted. (*See* docket, generally.) Rather, Defendant filed one such motion on May 7, 2025 (Doc. 31) and after Plaintiff filed his opposition (Doc. 33), Defendant filed a reply (Doc. 36). Shortly thereafter, the Court issued its Order Granting in Part and Denying in Part Defendant's Motion to Deem Certain Requests for Admissions as Admitted. (Doc. 40.) Simply put, Defendant's motion and reply[1] comport with this Court's Local Rule 230(*l*).[2] Further, the only motions pending on the docket for this action involve this motion and the cross-motions for summary judgment.

Moreover, Defendant is correct in asserting Defendant is permitted to propound both written admissions and to take Plaintiff's deposition. *See* Fed. R. Civ. P. 26(b)(1), 30 & 36.

---

[1] Stated another way, Defendant's reply brief was not a second motion, but rather a permitted response to Plaintiff's opposition.

[2] The Local Rules, concerning motions in prisoner actions, provide in pertinent part:

> All motions, except motions to dismiss for lack of prosecution, filed in actions wherein one party is incarcerated and proceeding in propria persona, shall be submitted upon the record without oral argument unless otherwise ordered by the Court. Such motions need not be noticed on the motion calendar. Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions. *The moving party may, not more than fourteen (14) days after the opposition has been filed in CM/ECF, serve and file a reply to the opposition*. All such motions will be deemed submitted when the time to reply has expired.

Local Rule 230(l) (italics added).

1  "[T]he purpose of requests for admission is to narrow the issues for trial by identifying and eliminating those matters on which the parties agree." *Thorpe v. Hearn*, No. 2:19-cv-1974 KJM KJN P, 2022 WL 902891, at *2 (E.D. Cal. Mar. 28, 2022) (citation and quotation omitted). And, as Plaintiff was previously advised, Defendant may ask questions at the deposition concerning Plaintiff's responses to written discovery requests. (*See* Doc. 40 at 5.)

To the extent Plaintiff argues defense counsel was required to meet and confer prior to filing the motion on May 7, 2025, Plaintiff is mistaken. As provided for in this Court's Discovery and Scheduling Order issued September 13, 2024, "the requirement set forth in Federal Rules of Civil Procedure 26 and 37 of a good faith conference or attempt to confer with the other party to resolve disputes shall not apply." (*See* Doc. 28 at 2.)

As concerns Plaintiff's complaints concerning the three changes in counsel representing Defendant Sandoval within the previous six months, a review of the docket for this action reveals that is not the case. On September 9, 2024 —more than a year ago—Deputy Attorney General Catrina replaced Deputy Attorney General Rebecca Brandel. (Doc. 25.) Then on June 24, 2025, Deputy Attorney General Caitlin M. Ryan filed a Notice of Appearance, indicating she was "the attorney with principal charge of the case …" (Doc. 35.) The docket presently reflects both attorneys represent Defendant Sandoval. And, as noted above, no "duplicative" motions have been filed. The Court finds no delay by assigned defense counsel.

In sum, the Court finds no basis for imposition of a monetary sanction on Defendant or defense counsel. Plaintiff's request for sanctions will be denied.

### III.   CONCLUSION AND ORDER

For the reasons given above, the Court **HEREBY ORDERS** that Plaintiff's motion or request for sanctions filed July 11, 2025 (Doc. 38) is **DENIED**.

IT IS SO ORDERED.

Dated:   **December 4, 2025**

UNITED STATES MAGISTRATE JUDGE

5